**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**
_____

PAUL E. ALLEN & PENNY L. ALLEN,

     Plaintiffs

-against-        **VERIFIED COMPLAINT**

MED REV RECOVERIES, INC. and  **Index No. _____**
JOHN ST. DENIS,

     Defendants.
_____

   The Complaint of PAUL E. ALLEN and PENNY L. ALLEN by their

attorneys, JOEL IAN ROSS, ESQ./UAW-DAIMLERCHRYSLER LEGAL

SERVICES PLAN, is as follows:

### INTRODUCTION

   1.  This is an action for statutory damages brought by individual

consumers for violations of the Fair Debt Collection Practices Act, 15 USC 1692

et. seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive,

deceptive, and unfair practices.

### JURISDICTION

   2.  Jurisdiction of this Court arises under 15 USC 1692k(d) and 28 USC

1331.

### PARTIES

   3.  At all times hereinafter mentioned, Plaintiff PAUL E. ALLEN was a

natural person residing in North Bay, Oneida County, New York and a

"consumer" within the meaning of the Fair Debt Collection Practices Act.

4.  At all times hereinafter mentioned, Plaintiff PENNY L. ALLEN was a natural person residing in North Bay, Oneida County, New York and a "consumer" within the meaning of the Fair Debt Collection Practices Act.

5.  At all times hereinafter mentioned, Defendant MED REV RECOVERIES, INC. ("Defendant") was a corporation organized and existing by virtue of the laws of the State of New York, with principal offices for the transaction of business at 1217 Milton Avenue, Syracuse, New York 13204.  The Defendant regularly attempts to collect consumer debts asserted to be due another.

6.  At all times hereinafter mentioned, Defendant JOHN ST. DENIS was a natural person employed by Defendant MED REV RECOVERIES, INC. as a collector of debts, including consumer debts, at all times relevant to this complaint.

**FACTS**

7.  Defendant communicated by telephone with Plaintiffs in an attempt to collect an alleged consumer debt on several occasions during the period commencing on or about January 27, 2004 and thereafter through and including February 26, 2004.

8.  Defendant JOHN ST. DENIS was responsible for an initial telephone collection communication with Plaintiff PENNY L. ALLEN on or about January 27, 2004 in an attempt to collect the debt, during with time he indicated that he would call the police to have her arrested if she refused to pay the reputed debt and

further solicited said Plaintiff's issuance of a post-dated check in payment thereon.

9.  Defendant did not provide, in the initial communication or within five days thereafter, the validation notice required by the Fair Debt Collection Practices Act.

10.  The warning required in communications, ("this is an attempt to collect a debt and any information will be used for that purpose"), was not included in any of the Defendants' communications with Plaintiffs between on or about January 27, 2004 and February 26, 2004.

11.  In his initial telephone collection contact with Plaintiffs, Defendant JOHN ST. DENIS used derogatory and profane language, this in addition to the threats hereinabove described.

12.  On or about February 16, 2004, Plaintiff PENNY L. ALLEN initiated a telephone call to Defendant JOHN ST. DENIS at which time she advised that there were insufficient funds on deposit to cover the post-dated check previously solicited by him on or about January 27, 2004.  At that time, Defendant JOHN ST. DENIS advised Plaintiff to attempt to borrow the money from another source and to call him back.

13.  After being unable to borrow the money needed to cover the post-dated check, Plaintiff PENNY L. ALLEN called Defendant several hours later on January 27, 2004, at which time she spoke to another employee who identified herself as "Jamie".  At that time, "Jamie" instructed Plaintiff to remit a $200

payment to Defendant by phone and to remit an additional post-dated check to Defendant for $375 by March 17, 2004.

14.  Thereafter, on the evening of February 26, 2004 at approximately 9:00 p.m., Plaintiff received another telephone call from Defendant's employee ["Jamie"], who indicated that the solicited post-dated check had bounced and further demanded that Plaintiff deposit sufficient funds to cover said post-dated check in her bank account by 5:00 p.m. the next day or she would have Plaintiff arrested.

15.  Between the dates January 27, 2004 and February 26, 2004 the Defendants used methods involving harassment and abuse, including the following:  The threat to have Plaintiff Penney Allen arrested for non-payment of the reputed debt, solicitation of post dated checks in payment of the reputed debt and the threat to have Plaintiff arrested if she failed to make deposits sufficient to fund the post-dated checks so solicited.

16.  In collection communications with Plaintiffs, Defendant threatened to take the following action that Defendant did not intend to take or was not legally entitled to take:  To have Plaintiff arrested for non-payment on the reputed debt and/or for failure to cover post-dated checks solicited by Defendant in the collection of the reputed debt.

17.  In a collection communication with Plaintiffs, Defendant made false and misleading statements, including the following:  Plaintiffs had committed a crime in non-payment of the reputed debt and/or by failing to have sufficient funds on deposit to cover post-dated checks solicited by Defendant and in

advance of the date by which Defendant represented said post dated check would be presented for payment.

18.  As a result of Defendant's actions in violation of collection statutes, Plaintiffs suffered emotional distress and mental anguish.

## CAUSE OF ACTION I
## FAIR DEBT COLLECTION PRACTICES ACT

19.  Plaintiffs reallege and incorporate by reference all of the above paragraphs.

20.  In its attempts to collect the alleged debt from Plaintiffs, Defendants have committed violations of the Fair Debt Collection Practices Act, 15 USC 1692 et. seq., including, but not limited to, the following:

A.  Failing to provide a proper validation notice as required.  15 USC 1692g(a);

B.  Failing to give the warning disclosure required.  15 USC 1692e(11);

C.  Using obscene or profane language.  15 USC 1692d(2);

D.  Engaging in harassing, oppressive or abusive conduct.  15 USC 1692d.

E.  Threatening to take action that cannot be legally taken or is not intended to be taken.  15 USC 1692e(5);

F.  Using false, representation or deceptive means to collect a debt or to obtain information about the Plaintiffs.  15 USC 1692e(10);

G.  The acceptance of post-dated checks without required written notice to the consumer, 15 USC 1692f(2); and

H.  The solicitation of post-dated checks for the purpose of threatening or instituting a criminal prosecution.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against the Defendants for:

A.  Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692k;

B.  Such other and further relief as may be just and proper.


**\*\*A TRIAL BY JURY IS DEMANDED\*\***


Respectfully Submitted,


**/s/ Joel Ian Ross**
**JOEL IAN ROSS, ESQ.**
**Bar Roll #505312**
**UAW-DAIMLERCHRYSLER**
**LEGAL SERVICES PLAN**
**Attorneys for Plaintiffs**
**6712 Brooklawn Parkway**
**Suite 200**
**Syracuse, NY  13211**
**(315) 437-6655**

**VERIFICATION**

**STATE OF NEW YORK**

**SS.:**

**COUNTY OF ONEIDA**

      PAUL E. ALLEN and PENNY L. ALLEN, being duly and severally sworn,

depose and say:  We are the Plaintiffs in the within action; we have read the

foregoing Complaint and know the contents thereof; the same is true to our

collective knowledge, except as to the matters therein stated to be alleged on

information and belief, and as to those matters we believe it to be true.


/s/ Paul E. Allen
**PAUL E. ALLEN**


/s/ Penny L. Allen
**PENNY L. ALLEN**


Severally sworn to before me this
26th day of January, 2005.


/s/ Nicol L. Woodworth
**Notary Public**

                    **NICOL L. WOODWORTH**
                    **Notary Public, State of New York**
                    **No. 01WO6099954**
                    **Qualified in Oneida County**
                    **Commission Expires October 06, 2007**