UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

PAUL ALLEN and PENNY ALLEN,

                                     Plaintiffs,

       vs.                                 6:05-CV-104
                                             (S.J. Scullin)

MED REV RECOVERIES, INC.,

                                     Defendant.

_____

APPEARANCES:                              OF COUNSEL:

PAUL ALLEN
PENNY ALLEN
Plaintiffs Pro Se

BOND, SCHOENECK LAW FIRM          DAVID A. EGHIGIAN, ESQ.
Attorneys for Defendant

GUSTAVE J. DI BIANCO, Magistrate Judge

## REPORT-RECOMMENDATION

This matter was referred to me for report and recommendation by the Honorable

Frederick J. Scullin, Jr., Senior United States District Judge, pursuant to 28 U.S.C.

§ 636(b)(1)(B) and Local Rules N.D.N.Y. 72.3(c).

In this complaint, plaintiffs allege that defendant violated the Fair Debt

Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, in connection with an

attempt to collect a debt from plaintiffs.

Presently before the court is defendant's motion to dismiss this action and for

sanctions[1] for plaintiffs' continued failure to appear at court-ordered proceedings and

for failure to participate in any way in the discovery process. (Dkt. Nos. 27, 28).  For

---

[1] Although the court notes that the motion for sanctions is not returnable until April 27, 2006, plaintiffs' response was due March 14, 2006, and no response has been received.  Thus, the court will proceed to discuss both motions.

the following reasons, although this court agrees that the case should be dismissed, the court will not recommend imposing a monetary sanction in addition to the sanction of dismissal.

## DISCUSSION

### 1.      Procedural History

Plaintiffs originally filed this action represented by counsel. (Dkt. No. 1).  In the complaint, plaintiffs allege that defendant Med Rev Recoveries, Inc. violated the FDCPA. in an attempt to collect a debt from plaintiffs.  The complaint outlined various allegedly abusive and unfair practices by defendant. *Id.*  While plaintiffs were still represented by counsel, the court held a Rule 16 scheduling conference, and deadlines were set in May of 2005. (Dkt. Nos. 6-8).

In September of 2002, plaintiffs' counsel made a motion to withdraw, citing the failure of plaintiffs to cooperate in the litigation process, including failure to provide counsel with documents for discovery, as a reason for the withdrawal. (Dkt. No. 10). After notice to all parties, and after plaintiffs' failure to appear at the hearing on the motion to withdraw, this court granted counsel's motion on September 29, 2005. (Dkt. No. 15).  This court issued a written order on September 30, 2005, granting counsel's motion and allowing plaintiffs until October 30, 2005 to obtain substitute counsel or to proceed *pro se*. (Dkt. No. 16).  The order stated that if no notice of appearance were filed by October 31, 2005, plaintiffs would be considered *pro se*.

Plaintiffs never contacted the court after the September 30, 2005 order, and no notice of appearance was ever filed by a substitute attorney.  On December 14, 2005, defense counsel wrote to the court stating that he attempted to contact plaintiffs and to

obtain responses to discovery requests, however, he had not been successful. (Dkt. No. 19). Counsel stated that on November 3, 2005, he served deposition notices as well as a request for production of documents.  The document production was due on December 5, 2005, and the depositions were scheduled for December 8, 2005. Defense counsel stated that the letters were not returned as undeliverable.  Counsel stated in his letter that prior to the date of the deposition, he made a telephone call to plaintiffs' last-known telephone number, but that this call resulted in a recording, stating that the number had been disconnected. *Id.*  Counsel asked the court for a discovery conference.

I granted defense counsel's request and an in-person discovery conference was scheduled for January 26, 2006. (Dkt. No. 23).  A copy of this order was mailed to plaintiffs at their last-known address.  The order was ***not*** returned to the court. Plaintiffs did not appear at the January 26, 2006 hearing.  Defense counsel appeared, and I extended the discovery and motion deadlines.  I also indicated that I would schedule another conference, giving the *pro se* plaintiffs another opportunity to respond.

On January 27, 2006, I issued another order scheduling an in-person discovery conference for February 9, 2006.  My order specifically noted that plaintiffs had failed to appear at the January 26, 2006 conference and also specifically warned plaintiffs that a failure to appear at the February 9, 2006 conference could result in sanctions including "***POSSIBLE DISMISSAL OF THIS CASE.***" (Dkt. No. 24)(emphasis in original).

On February 9, 2006, this court held the scheduled discovery conference.

Plaintiffs did not appear as ordered and did not inform the court of any problems or delays. (Dkt. No. 26).  At the hearing, defense counsel stated that he had re-noticed the plaintiffs' depositions for March 2, 2006.  I stated that if plaintiffs did not appear for the scheduled depositions, I would entertain a motion for dismissal from defendants.  Plaintiffs did not appear for their depositions.  On March 9, 2006, defendants submitted the present motions requesting dismissal and monetary sanctions. (Dkt. Nos. 27-28).

**2.     Discovery Sanctions**

Rule 37(d) of the Federal Rules of Civil Procedure provides that if an individual fails to serve answers or objections to interrogatories, after having received proper service of the discovery requests, the court may take various steps to sanction the disobedient party, including dismissal of the case. FED. R. CIV. P. 37(d)(cross referencing Rule 37(b)(2)(c) which authorizes the court to dismiss an action for failure to comply with a discovery order).  Rule 37(b)(2)(c) specifically authorizes a court to dismiss an action if the party disobeys *an order of the court* to provide discovery.

The imposition of sanctions under Rule 37 is within the discretion of the district court, and the sanction of dismissal is a harsh remedy to be used "only in extreme situations." *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990), *cert. denied*, 499 U.S. 943 (1991).  In order to impose such a severe sanction, the court must find willfulness, bad faith, or fault by the individual from whom discovery is sought. *Id.*  The party in question, particularly a *pro se* litigant, must have had prior notice that violation of the court's order would result in dismissal with prejudice. *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995).

In determining whether dismissal is appropriate, the court must consider factors such as: (1) the duration of plaintiffs' failure to comply with the court's order; (2) whether plaintiffs had notice that failure to comply could result in dismissal; (3) whether defendants are likely to be prejudiced by further delay; (4) a balance between the court's interest in managing its docket and the plaintiffs' right to be heard; and (5) a consideration of sanctions less drastic than dismissal. *Spencer v. Doe*, 139 F.3d 107, 112-13 (2d Cir. 1998).

A consideration of the above factors leads this court to conclude that dismissal is the only sanction that is appropriate in this case. This case was filed in January of 2005. Plaintiffs' failure to cooperate in producing documents for *their own attorney* caused his motion to withdraw after *months* of attempting to obtain the information and documents from them. Plaintiffs continued their failure to participate after counsel withdrew, and have failed to respond to written discovery; failed to appear at two scheduled depositions; and failed to appear at two court-ordered discovery conferences. This case is over one year old, and it appears that plaintiffs have failed to cooperate almost from the beginning. Thus, the duration of plaintiffs' failure to cooperate is substantial.

Plaintiffs were given *clear notice* in this court's January 27, 2006 order that a failure to appear at the February 9, 2006 conference could result in dismissal of their case. The prejudice to defendant is substantial. Plaintiffs did not produce documents for their own attorney when they were represented. Additionally, many of the statements in the complaint deal with allegations of how telephone calls asking for collection of the debt were conducted. Clearly a deposition of plaintiffs is critical to

defendant's case.  Plaintiffs' failure to appear for their depositions clearly deprives defendant of evidence and impairs any attempt at defending the action.

A balancing of the court's interest in managing its docket and in the plaintiffs' right to be heard in this case also favors dismissal.  Plaintiffs have had every opportunity to participate and have failed to do so.  It also appears that their last-known telephone number has been disconnected, and they have failed to update this information with the court.  Clearly, plaintiffs are not interested in pursuing this action, thus, this factor also favors dismissal.

Finally, no sanction short of dismissal is appropriate in this case.  In *Salmon v. New York City Dep't of Educ.*, 03 Civ. 2173, 2004 U.S. Dist. LEXIS 26127, *9-10 (S.D.N.Y. Dec. 20, 2004), the court held that in a case where plaintiffs' actions have caused defendant to incur ***only*** expenses, monetary sanctions would be appropriate. However, in this case, in addition to incurring expenses for depositions that did not take place as well incurring expenses in requesting court intervention, defendant has been prejudiced in its ability to defend this action due to the plaintiffs' lack of cooperation.

The Second Circuit has stated that severe sanctions are appropriate when a party seeks to frustrate the purpose of discovery provisions by disobeying discovery orders and preventing disclosure of facts essential to an adjudication on the merits. *Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991).  Plaintiffs in this case have willfully frustrated the purpose of discovery and have failed to respond to written requests from defendants and orders from the court.  Their failure to update the court and defendant about the disconnection of plaintiffs' telephone has prevented

any communication with plaintiffs.  Since it appears clear that plaintiffs are no longer interested in pursuing this action, dismissal is the only appropriate sanction.

This court has also considered defendant's motion for expenses and attorneys fees.  The court is well aware that Rule 37 authorizes the court to award fees and expenses in lieu of, or in addition to, any of the sanctions listed in Rule 37(b)(2)(A)-(E).  Defendants have requested a total of $ 985.83 for the attorneys fees and expenses incurred as the result of plaintiffs' failure to participate in the discovery process and disobedience of court orders to appear for discovery conferences.  These fees and expenses may be awarded unless the court finds that the party's failure was justified or "other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2).  The burden is on the disobedient party to show that the failure was justified or that special circumstances exist, making an award of expenses unjust. *Selletti v. Carey*, 173 F.3d 104, 110 (2d Cir. 1999).

In this case, this court finds that the sanction of dismissal with prejudice is sufficiently harsh, and will decline to recommend the assessment of fees and expenses.  The court first notes that the subject matter of this case leads this court to believe that plaintiffs may not have the money to pay the fees and expenses requested by defendants.  The facts in the complaint suggest that plaintiffs have already had financial trouble, since the entire action revolves around the attempt to collect a debt from plaintiffs, and the facts stated in the complaint indicate that under pressure from defendant, plaintiffs wrote a check for insufficient funds.  This suggests that assessing fees and expenses in this action would be futile.  Because this court is already imposing the most serious sanction for failure to comply with discovery, this court

declines to impose the additional sanction of fees and expenses.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendant's motion to dismiss (Dkt. No. 27) be

**GRANTED**, and the complaint in this action **DISMISSED WITH PREJUDICE**

**FOR FAILURE TO PARTICIPATE IN DISCOVERY AND FOR DISOBEYING**

**TWO COURT ORDERS TO APPEAR FOR CONFERENCES**, and it is further

**RECOMMENDED**, that defendant's motion for monetary sanctions (Dkt. No.

28) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten

days within which to file written objections to the foregoing report.  Such objections

shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS**

**REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**

*Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health*

*and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ.

P. 6(a), 6(e), 72.

Dated: March 16, 2006

Hon. Gustave J. DiBianco
U.S. Magistrate Judge